This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                                   **No. 33,793**

**STERLING LaVAIL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant Sterling LaVail filed a docketing statement, appealing from the district court's affirmance of the metropolitan court convictions for driving while under the influence of intoxicating liquor/drugs (DWI), first offense, contrary to NMSA 1978, Section 66-8-102 (2010); speeding, contrary to NMSA 1978, Section 66-7-301 (2002); and no registration on demand, contrary to NMSA 1978, Section 66-3-13 (1978, amended 2013).  [DS 2, 12; RP 3, 10, 80]  In this Court's notice of proposed summary disposition, we proposed to affirm Defendant's convictions and adopt the memorandum opinion of the district court.  [CN 2]  Defendant filed a memorandum in opposition. We have given due consideration to the memorandum in opposition, and remaining unpersuaded, we affirm Defendant's convictions.

**Probable Cause for DWI Arrest**

{2}     Defendant continues to argue that the district court erred in determining that the officer had probable cause to arrest him for *per se* DWI when Defendant's performance on the field sobriety tests produced strong and compelling evidence to allay the officer's reasonable suspicion. [MIO 14-24] The majority of the arguments in Defendant's memorandum in opposition have been addressed by this Court in its notice of proposed disposition and/or the district court's memorandum opinion this Court proposed to adopt in our calendar notice, so we refer Defendant to the responses therein.  [*See* RP 84-85; CN]

**{3}** With regard to Defendant's contention that his performance on the field sobriety tests should have allayed the officer's reasonable suspicion [MIO 16-19], we are unpersuaded. Defendant has identified the factors deemed by the trial court as establishing probable cause: Defendant was stopped for speeding on a city street after midnight; the officer observed bloodshot, watery eyes, thick-tongued speech, and a strong odor of alcohol coming from Defendant; when the officer first asked Defendant if he had been drinking, Defendant admitted to drinking, even if he later denied it; Defendant delayed in exiting his vehicle; and Defendant had mixed results on his field sobriety tests—performing certain tests without error and others with error. [MIO 18-19, 20; *see also* RP 85]

**{4}** "Each case stands on its own facts; there is no one set of circumstances required for probable cause." *State v. Sanchez*, 2001-NMCA-109, ¶ 12, 131 N.M. 355, 36 P.3d 446. "A police officer has probable cause when facts and circumstances within the officer's knowledge, or about which the officer has reasonably trustworthy information, are sufficient to warrant an officer of reasonable caution to believe that an offense is being committed or has been committed." *Id.* ¶ 6. We agree with the district court that the above-identified factors provide ample support for Defendant's arrest for DWI and are sufficient to meet the probable cause requirements. *See, e.g.*, *State v. Ruiz*, 1995-NMCA-098, ¶¶ 3-4, 24, 120 N.M. 534, 903 P.2d 845 (holding that

probable cause existed where police observed the defendant speeding and weaving, the defendant admitted to having been drinking, the officer noticed bloodshot, watery eyes, slurred speech, and a smell of alcohol, and the results of the field sobriety tests were mixed), *overruled on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894; *cf. Sanchez*, 2001-NMCA-109, ¶¶ 8-9 (holding that an officer had probable cause to arrest the defendant for DWI based on strong odor of alcohol, bloodshot watery eyes, admission to drinking, and refusal to submit to field sobriety or chemical testing); *State v. Soto*, 2007-NMCA-077, ¶¶ 32-34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction for DWI even though no field sobriety tests were conducted, given that the defendant had bloodshot, watery eyes, slurred speech and a very strong odor of alcohol on his breath, the defendant admitted drinking, and one of the officers observed several empty cans of beer where the defendant had been), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

{5}     Although Defendant insists that his purported "flawless" performance on certain of the field sobriety tests should have wholly allayed the officer's concerns, Defendant cites no authority for this proposition so we assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such

4

authority exists."). Further, the officer was required to consider all the facts and circumstances available to him, not simply Defendant's performance on two to three of the field sobriety tests. *See Sanchez*, 2001-NMCA-109, ¶ 6. Based on the totality of circumstances, we hold that Defendant's speeding after midnight; bloodshot, watery eyes, thick-tongued speech, and a strong odor of alcohol; initial admission of drinking; delay in exiting his vehicle; and mixed results on his field sobriety tests established probable cause for the officer to arrest Defendant for DWI.

{6}     We note that, at times, Defendant seems to confuse the issue and conflate probable cause required for DWI with sufficient evidence required for a conviction of *per se* DWI. [*See, e.g.*, MIO 24]  We have already established that there was probable cause to arrest Defendant for DWI.  Defendant has not cited any authority for the proposition that the officer must have had probable cause to arrest Defendant specifically for DWI *per se* (driving with a blood-alcohol level at or above the legal limit), as opposed to non-*per se* DWI (driving while impaired by alcohol to the slightest degree), so we assume no such authority exists. *See Curry*, 2014-NMCA-031, ¶ 28. Moreover, Defendant has not argued on appeal that there was insufficient evidence to convict him of *per se* DWI. [*See generally* MIO] Nevertheless, we note for Defendant's clarification that his breath card, indicating a blood-alcohol level

above the legal limit, is sufficient to convict Defendant of *per se* DWI. *See* § 66-8-102(A), (C)(1).

**Admission of the Breath Card**

{7}    Defendant continues to argue that the State laid an inadequate foundation for admission of the breath card because the officer failed to correctly establish what the intoxilyzer measures and failed to correctly establish the required deprivation period. [MIO 24-26]  In this Court's notice of proposed summary disposition, we proposed to adopt the  district court's thorough and well-reasoned memorandum opinion in response to Defendant's arguments.  [CN 2; *see also* RP 85-89]  In his memorandum in opposition, Defendant has failed to raise any new arguments or issues to convince us to reconsider our adoption of the district court's memorandum opinion. Accordingly, we conclude that the district court did not err in admitting the breath card.

{8}    To the extent Defendant contends that our statement in *State v. Onsurez*, 2002-NMCA-082, ¶ 17, 132 N.M. 485, 51 P.3d 528, requires us to conclude that the breath card should not be admitted, we are unpersuaded.  [MIO 26]  In *Onsurez*, we stated that "showing the correct measurement ratio [is] part of the foundation for admitting the test results." *Id.*  However, our reason for stating this was an explanation of why the prosecution's failure to show the unit of measurement for the breath test was not

fatal to the prosecution's case. *See id.* Indeed, we cited authority that states that the purpose behind filtering the evidence presented to the fact-finder is "to ensure that the fact[ ]finder's conclusions are not based on improper considerations or evidence." *Id.* (internal quotation marks and citation omitted). The officer's misspoken explanation of what the breath-alcohol concentration is measured in—"grams per alcohol per 210 liters," as opposed to "grams of alcohol per 210 liters of breath"—still conveyed sufficient information to the fact-finder, the metropolitan court judge who was not likely to base her conclusion on "improper considerations or evidence." *Id.* (internal quotation marks and citation omitted). We reiterate that Defendant's continued focus on the inconsequential differences in definition places form over substance.

{9} Accordingly, for the reasons set forth in our calendar notice and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm Defendant's convictions.

{10} **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**M. MONICA ZAMORA, Judge**